**UNITED STATES of America, Appellee,**

v.

**Randy LIGHTLY, Appellant.**

**No. 80–5144.**

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1982.

Decided May 6, 1982.

Daniel J. Hurson, Kennewick, W. Va., for appellant.

William G. Otis, Sp. Asst. U. S. Atty., Alexandria, Va. (Karen P. Tandy, Asst. U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, and ERVIN, Circuit Judge.

ERVIN, Circuit Judge:

On December 19, 1979, Terrance McKinley, an inmate at Lorton Reformatory in northern Virginia, sustained serious stab wounds from an assault in his cell. Two of

McKinley's fellow inmates, Randy Lightly and Clifton McDuffie, were investigated, but only Lightly was formally charged. McDuffie was not indicted by the grand jury because a court appointed psychiatrist found him incompetent to stand trial and criminally insane at the time of the offense. He is presently confined in a mental hospital.

On May 22, 1980, Lightly was convicted of assault with intent to commit murder, and sentenced to ten years imprisonment to run consecutively with the sentence he already was serving. Lightly had also been charged with conspiracy to commit murder, but this charge was dropped.

At trial two different accounts of the stabbing developed. The government's case included testimony from the victim, Terrance McKinley, inmates Harvey Boyd and Robert Thomas, and McKinley's treating physician, Dr. Lance Weaver, which indicated that McDuffie and Lightly cornered McKinley in his cell and repeatedly stabbed him with half pairs of scissors. Lightly received a severe cut on his hand in the assault. Lightly's account of the stabbing was that he was walking along cell block three when he saw McDuffie and McKinley fighting in McKinley's cell. Lightly said he went into the cell to stop the fight and while he was pulling McDuffie off of McKinley, McDuffie turned around and cut him. His testimony was corroborated by three other inmates.

■ The defense also attempted to have McDuffie testify. McDuffie would have testified that only he and not Lightly had assaulted McKinley. The court ruled McDuffie incompetent to testify because he had been found to be criminally insane and incompetent to stand trial, and was subject to hallucinations.[1] We believe this was error and that Lightly is entitled to a new trial.

■ Every witness is presumed competent to testify, Fed.R.Evid. 601, unless it can be shown that the witness does not have personal knowledge of the matters about which he is to testify, that he does not have the capacity to recall, or that he does not understand the duty to testify truthfully. This rule applies to persons considered to be insane to the same extent that it applies to other persons. *United States v. Lopez*, 611 F.2d 44 (4th Cir. 1979); *Shuler v. Wainwright*, 491 F.2d 1213, 1223 (5th Cir. 1974). In this case, the testimony of McDuffie's treating physician indicated that McDuffie had a sufficient memory, that he understood the oath, and that he could communicate what he saw. The district judge chose not to conduct an *in camera* examination of McDuffie. On this record, it was clearly improper for the court to disqualify McDuffie from testifying.

■■ The government argues in this appeal that it was not error to disqualify McDuffie because he did not understand the incriminating nature of his anticipated testimony. If McDuffie is incompetent to stand trial, the government asserts, he also lacks the requisite mental capacity to waive his right against self-incrimination and for that reason should be disqualified from testifying. The privilege against self-incrimination, however, is personal and generally cannot be raised by anyone other than the potential witness. *See United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The government, therefore, does not have standing to raise this issue.

McDuffie's potential testimony would have substantially corroborated Lightly's testimony. His disqualification from testifying, therefore, cannot be considered harmless error. In finding Lightly entitled to a new trial on this ground, we decline to rule on the other issues he raised in this appeal.

REVERSED and REMANDED.

---

1. McDuffie believed that "Star Child" told him to kill McKinley because McKinley and Hodge, who apparently was a prison administrator, were going to kill him.