STATE of Iowa, Plaintiff-Appellee,

v.

Alexander MILLER,
Defendant-Appellant.

No. 83–413.

Court of Appeals of Iowa.

Oct. 23, 1984.

James P. Hoffman of James P. Hoffman Law Offices, Keokuk, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Mary Jane Blink, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

Defendant appeals from his conviction for murder in the second degree in violation of Iowa Code section 707.3. He asserts that: (1) during opening argument defense counsel should have been permitted to make statements concerning the victim's propensity for violence allegedly known to defendant at the time of the shooting; (2) the court should not have excluded evidence consisting of a divorce decree referring to the victim's violent tendencies; (3) the court should have excluded on competency grounds testimony of a retarded adult of limited education who had been adjudicated incompetent in Illinois; (4) the jury should have been instructed on specific intent to kill as an element of second-degree murder; (5) an instruction should have been given on defense of a third party; and (6) the information charged first-degree murder with such specificity that he was denied due process by submission to the jury of lesser included offenses not specifically charged. The State asserts inter alia that: (1) any error resulting from limitation on defense counsel's opening argument was harmless; and (2) other record evidence showing the victim's violent nature was sufficient to render harmless any error resulting from exclusion of the divorce decree referring to his violent behavior.

Defendant lived with a woman in an apartment one floor below an apartment shared by her mentally-retarded sister, Adrien Simmons, and the victim, Willie Summage. An altercation began when Adrien arrived at the apartment and was pursued by the victim, who struck her repeatedly. She left the apartment but the victim continued to argue with defendant, who obtained a gun and put it in his pocket. Willie Summage was fatally shot when the argument moved into a hallway.

The defendant was charged with first-degree murder by information which set out in some detail the facts which the State expected to prove. A jury found him guilty of second-degree murder and he has appealed, raising several grounds of error. We reverse.

I.

Defendant's first assignment of error is the trial court improperly denied defense trial counsel the right to refer to the vic-

tim's previous acts of violence during the opening statement.

Prior to trial, in ruling on the State's motion in limine, the court forbade reference to the victim's violent nature absent an offer of proof and a ruling thereon. Defendant subsequently filed a notice of intent to rely on theories of self-defense and defense of a third person. During opening argument, defense counsel mentioned a previous violent incident involving the victim that ultimately resulted in defendant bailing him out of jail. Upon the State's objection, the trial court ruled that counsel could discuss specific events relating to the shooting in question, but could not comment upon unrelated violent acts of the victim.

■ Defendant argues that this ruling was in error. Specifically, he contends that evidence of the specific acts of violence would be admissible since it is relevant to his state of mind at the time of the alleged murder. Because of this, he should be able to comment on this evidence in his opening statement. We agree.

■ The purpose of the opening statement is to allow the defendant to state the nature of his defense and the evidence he intends to offer in support of it. *United States v. Freeman*, 514 F.2d 1184, 1192 (10th Cir.1975). Its scope and extent rests within the discretion of the trial court. *Id.;* 23A C.J.S. Criminal Law § 1086 at 109–110 (1961). In *State v. Clark*, the supreme court recognized that "counsel are not held to the utmost strictness" when giving opening statements. 160 Iowa 138, 144, 140 N.W. 821, 823 (1913). The court reasoned:

[counsel] may have been misinformed or deceived by their witnesses, and are not expected to be able to forsee, in all cases, what the ruling of the court will be when the evidence is offered; the court is not familiar with the case at the commencement of the trial, and may not know the bearing of the evidence until the case develops.

*Id.*

In light of these principles, this court believes that defendant should have been able to discuss prior violent acts of the victim. The record reflects that defendant fully intended to introduce such evidence at trial to show his state of mind at the time the crime was committed. Furthermore, the evidence was extremely relevant to the defendant's claim of self-defense.

The State argues that the admissibility of the evidence during trial was uncertain and, therefore, any references thereto should properly have been avoided during opening statement. In this respect, the supreme court has stated: "If it is doubtful whether evidence referred to in the opening statement is admissible, the better rule is to withhold the statement or so much as is doubtful until the court can determine." *Id.* While recognizing the propriety of this principle, we are of the opinion that there was little uncertainty as to the admissibility of the evidence in this particular case.

■ Generally, when the accused denies the crime or contends that it was unintentional, evidence of the deceased's character is not admissible. *State v. Jacoby*, 260 N.W.2d 828, 837 (Iowa 1977). However, in *Jacoby* the supreme court stated:

an exception to this general rule applies where the accused asserts he or she acted in self-defense and the slightest supporting evidence is introduced. Then the violent, quarrelsome, dangerous or turbulent character of the deceased may be shown, both by evidence of his or her reputation in that respect and by witnesses who can testify from an actual knowledge of the victim's character.

*Id.* The supreme court further recognized that evidence of the deceased's character is specifically admissible to show the state of mind of the defendant.

In light of the principles outlined in *Jacoby*, we conclude that evidence of the deceased's character would have been properly admitted at trial. Thus, defendant should have been allowed to refer to such evidence in his opening statement.

**II.**

The defendant also argues that the trial court improperly excluded evidence consist-

ing of a divorce decree referring to the victim's violent tendencies. Upon the State's objection the court excluded from evidence a copy of the divorce decree containing, *inter alia,* references to the victim's violent behavior toward his child and former wife, on the theory that defendant's knowledge of those violent acts had not been established for foundational purposes. The decree was again excluded after defendant had testified that he knew that the victim had a violent temper and had beaten his child. Defendant contends that this exclusion was improper since he had established knowledge of the violent acts.

■ The admission of evidence is a matter which lies within the discretion of the trial court. *State v. Brewer,* 247 N.W.2d 205, 214 (Iowa 1977). We reverse only upon a showing of clear abuse. *Id.* A review of the record reveals that the trial court acted properly in excluding the evidence in question.

As previously discussed, evidence of a decedent's character is admissible if it is relevant to the defendant's state of mind and is necessary to support a claim of self-defense. *Jacoby,* 260 N.W.2d at 837. Such evidence can consist of reputation evidence or specific acts of violence. *See id.* at 837–39. The divorce decree seemingly does not fall specifically within either of these categories. It establishes the decedent's violent tendencies in a particular domestic situation. We do not decide this issue in finality. Because of its questionable relevancy, we are not inclined to overrule the trial court's decision to exclude the evidence in this particular case.

### III.

On his third assignment of error, defendant claims the court should have excluded the testimony of Adrien Simmons, a retarded adult who had been adjudicated incompetent in the State of Illinois.

■ Section 622.1 of the Code provides that "[e]very human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases

...." The supreme court has described this understanding as follows:

Competency of a witness to testify under this statute or his capacity of communication has two aspects: (1) the mental capacity to understand the nature of the questions put and to form and communicate intelligent answers thereto and (2) the moral responsibility to speak the truth, which is the essence of the nature and obligation of an oath.

*Calvert v. State,* 310 N.W.2d 185, 186 (Iowa 1981) (quoting *State v. Harvey,* 242 N.W.2d 330, 336 (Iowa 1976)). We will not disturb the trial court's determination that the witness is incompetent, absent a showing of abuse of discretion. *Calvert,* 310 N.W.2d at 186.

■ We conclude that the trial court was within its discretion in determining that Adrien Simmons was competent to testify. The record reflects that the trial court examined Simmons extensively about her recollection of the event in question and her understanding of telling the truth. Her responses to the court's questions demonstrate that it was entirely reasonable for the trial court to conclude she was competent to testify. The fact that she is retarded and has been adjudicated incompetent for some other purpose is not determinative. *United States v. Lightly,* 677 F.2d 1027, 1028 (4th Cir.1982); *see State v. Steltzer,* 288 N.W.2d 557, 560 (Iowa 1980). Finding no error, we affirm the trial court in this respect.

### IV.

■ Miller also argues that the jury should have been instructed on specific intent to kill as an element of second-degree murder. We find this claim to be without merit. Proof of specific intent is not required for a conviction of second-degree murder. *State v. Smith,* 242 N.W.2d 320, 326 (Iowa 1976).

### V.

Miller also claims that an instruction should have been given on defense of a third party.

■ "Even without a request, the court must instruct fully on all material issues, stating applicable legal principles supported by requisite evidence." *State v. Thomas*, 262 N.W.2d 607, 612 (1978). However, this standard is only applicable when there is evidentiary support in the record. *State v. Lamar*, 210 N.W.2d 600, 606 (Iowa 1973).

■ Defendant contends that there was sufficient evidence in the record to support an instruction on defense of a third party. We are inclined to agree. Iowa Code section 704.3 provides:

> A person is justified in the use of reasonable force when he or she reasonably believes that such force is necessary to defend himself or herself or another from any imminent use of unlawful force.

We believe there is evidence in the record to support an inference that the defendant reasonably believed that force was necessary to defend Adrien Simmons from imminent danger. The defendant lived with Paulette Turner, Adrien's sister, in an apartment one floor below an apartment shared by Adrien and the victim. The record reflects that Adrien had been involved in an argument with the victim. Miller testified that while carrying her month-old child she ran down the hallway in front of his apartment and that the victim struck her several times. At that point, Paulette yelled that the victim was going to kill Adrien. The defendant testified that he unsuccessfully attempted to intervene and the violence continued. Adrien finally got away and the deceased left. At this point, defendant got a gun. Miller testified that he believed Adrien had gone upstairs to her apartment and that when he subsequently saw the deceased he believed that he might go after her again. A confrontation took place between Miller and the deceased, at which time the deceased was shot.

The State argues that since Adrien was not in the vicinity at the time of the killing, defendant could not reasonably believe she was in imminent danger. This, however, is more appropriately a question for a jury to decide after consideration of the evidence. The fact remains that there was at least enough evidence to generate a jury question. Therefore, we conclude that the trial court erred in failing to instruct the jury on defense of a third party.

## VI.

■ Defendant's final argument is that the trial court erred in submitting to the jury the lesser-included offense of second-degree murder.

Defendant was charged by information with murder in the first degree in violation of section 707.2 of the Code. He now argues that the information did not give him sufficient notice that he was to defend against lesser included offenses. We cannot agree.

In *State v. Beyer*, 258 N.W.2d 353 (Iowa 1977), the supreme court addressed a similar claim. In *Beyer*, the defendant argued that the State "made an irretrievable election" when the county attorney's information charged murder in the first degree rather than just murder. *Id.* at 357. In rejecting this argument, the court recognized that degrees of murder "are not distinct offenses but graduations of the crime devised to permit variation in punishment." *Id.* The court further stated, "A specification that murder was 'in the first degree' is unnecessary and may be disregarded as surplusage." *Id.* Furthermore, Iowa Rule of Criminal Procedure 6(1) specifically requires a trial court to instruct the jury on lesser included offenses. Accordingly, we affirm the trial court in this respect.

REVERSED.