**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4197**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTONIO BARBEE,

              Defendant - Appellant.

_____

**No. 12-4260**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAVID RICARDO STEWART,

              Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:11-cr-00156-JAB-1; 1:11-cr-00156-JAB-2)

_____

Submitted:  April 23, 2013         Decided:  May 3, 2013

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

C. Scott Holmes, BROCK, PAYNE & MEECE, PA, Durham, North Carolina; J. David James, SMITH, JAMES, ROWLETT & COHEN, LLP, Greensboro, North Carolina, for Appellants. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Antonio Barbee and David Ricardo Stewart challenge their convictions on one count each of attempted interference with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2006), and carrying, using or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. §§ 2, 924(c)(1)(A)(ii) (West Supp. 2012). After a jury trial, Barbee was sentenced to 156 months in prison and Stewart was sentenced to 360 months in prison. Although Defendants do not challenge their respective sentences, Defendants lodge several challenges against their convictions. Finding no reversible error, we affirm.

Stewart first asserts that the district court erred when it failed to consider his pre-sentencing pro se motion to dismiss his attorney for ineffective assistance of counsel. According to Stewart, his pro se motion, in which Stewart complained about trial counsel's alleged mistakes, was essentially an "inartfully drawn motion for a new trial" for which he should have been appointed new counsel.

Although Stewart's sentencing was scheduled for March 20, 2012, the pro se motion to dismiss was drafted by Stewart on March 10, 2012, and filed in the district court on March 13, 2012, nearly five months after his guilty verdict. When Stewart raised the motion at his sentencing, the district

3

court afforded Stewart an opportunity to explain the reasons for his motion, during which time Stewart reiterated several complaints about trial counsel's performance. The district court explained that it would not entertain Stewart's complaints about his attorney's trial strategy at that juncture, and inquired whether Stewart believed he could continue with his attorney during sentencing. Stewart assured the district court that he could, that he "just wanted to go on record to let [the district court] know how [he felt] about [his] counsel[,]" and that he "[d]efinitely" did not have a problem with his attorney representing him during his sentencing hearing. Given Stewart's assurances that he wished to proceed with sentencing, we discern no error in the district court's decision to move forward with Stewart's sentencing.

Moreover, although Stewart's motion did not actually request a new trial, we conclude that even assuming—for the sake of argument—the district court should have construed Stewart's pro se motion as a motion for a new trial, such a motion would have been untimely. According to Fed. R. Crim. P. Rule 33, a motion for a new trial based on grounds other than newly discovered evidence[1] must be filed within fourteen days after a

---

[1] Although a motion for a new trial predicated on newly discovered evidence may be filed within three years of a guilty

(Continued)

4

finding of guilty. Fed. R. Crim. P. 33(b)(2). "[T]he time limits set forth in Rule 33 are jurisdictional[.]" See United States v. Smith, 62 F.3d 641, 648 (4th Cir. 1995). Thus, we conclude that had the district court construed the motion as one seeking a new trial, the district court would have been required to deny the motion.[2] See id. at 651 (holding that a motion for a new trial based on ineffective assistance must be filed within seven (now fourteen) days of a jury verdict).

Defendants also raise several objections to the district court's evidentiary rulings. In particular, Stewart asserts that the district court erred when it allowed: (1) recordings of his telephone conversations into evidence; (2) a Government witness to testify before the jury, even though she had a head injury and was medicated; and (3) a Government witness to testify about Stewart's alleged attempts to secure a false alibi. Barbee asserts that the district court erred when it admitted into evidence Stewart's statements incriminating

---

verdict, Fed. R. Crim. P. 33(b)(1), Stewart did not argue newly discovered evidence in his motion.

[2] Notably, if Stewart wished to pursue his allegations of ineffective assistance of counsel, he could have done so on this appeal—which he did not—or may do so by way of a collateral challenge under 28 U.S.C.A. § 2255 (West Supp. 2012). See id.

5

Barbee because admission of those statements allegedly violated Barbee's right to confront witnesses against him.

We review the preserved evidentiary rulings for abuse of discretion and will only reverse if we determine that the rulings were "arbitrary and irrational." United States v. Cloud, 680 F.3d 396, 401 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 218 (2012). Thus, under Fed. R. Crim. P. 52(a), the preserved evidentiary rulings are subject to harmless error review, "such that 'in order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (quoting United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997)).

As to unpreserved evidentiary objections, we review for plain error. See United States v. Cabrera-Beltran, 660 F.3d 742, 751 (4th Cir. 2011) ("An objection to the admission of evidence must be both specific and timely."); United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983) ("Timeliness of objection under [Fed. R. Evid. 103] requires that it be made at the time the evidence is offered[.]") (internal quotation marks omitted). Under this standard of review, Fed. R. Crim. P. 52(b) "authorizes an appeals court to correct a forfeited error only

6

if (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and brackets omitted). Because Rule 52 is permissive, we should correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings[.]" Id. at 1127 (internal quotations marks and brackets omitted).

With these standards in mind, we reject Stewart's summary argument that the district court abused its discretion when it allowed the Government to present into evidence recordings of Stewart's telephone conversations. Stewart argues that the four recordings about which he complains "did not constitute an admission or declaration against interest[,]" "lack[ed] sufficient context and specificity to make them relevant under [Fed. R. Evid.] 401 and 402[,]" and that their probative value "was substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury in violation of [Fed. R. Evid.] 403[.]" However, the four conversations about which Stewart complains need not constitute admissions or declarations against interest—which are exceptions to the rule against hearsay—because, as the Government correctly asserted in the district court, since they were statements made by Stewart and offered by an opposing party, all four conversations contained statements that were properly admitted

7

as non-hearsay under Fed. R. Evid. 801(d)(2)(a).  See United States v. Wills, 346 F.3d 476, 489-90 (4th Cir. 2003) (holding that recordings of defendant's telephone conversations were admissible as admissions by a party-opponent and that his brother's statements on those recordings were also properly admitted to put defendant's statements into context).

Although Stewart summarily argues that the statements were irrelevant and unfairly prejudicial, we defer to the district court's decision to the contrary.  We agree that the challenged telephone conversations were relevant to the issues at trial.  Moreover, a district court may, under Rule 403, exclude otherwise relevant evidence if the probative value of the evidence "is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  We will not overturn a district court's Rule 403 judgment "except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused."  United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998) (internal brackets and quotation marks omitted).  We must "examine the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect."  Id. (internal quotation marks omitted).  Given the deference we afford the district court's Rule 403

8

determination, we conclude that the district court's decision to admit the telephone conversations was not an abuse of discretion.

We also discern no error in the district court's decision to allow the Government to introduce in its case-in-chief testimony about Stewart's alleged attempts to secure an alibi. In this regard, Stewart asserts that the district court erred because he presented no evidence at trial about an alibi and there was no reliable evidence that he sought to procure a false alibi. According to Stewart, although evidence showing consciousness of guilt may be introduced, the Government in this case made no showing that Stewart coerced or instigated the witness's testimony.

Fed. R. Evid. 404(b) prohibits evidence of other crimes or bad acts to show bad character and propensity to violate the law. However, evidence of other bad acts is admissible for certain purposes unrelated to a defendant's bad character, such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). This court has "noted that Rule 404(b) is viewed as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Gray, 405 F.3d 227, 239 (4th Cir. 2005).

9

For instance, "[e]vidence of witness intimidation is admissible to prove consciousness of guilt and criminal intent under Rule 404(b), if the evidence (1) is related to the offense charged and (2) is reliable." See United States v. Hayden, 85 F.3d 153, 159 (4th Cir. 1996). Moreover, fabrications of evidence by a defendant or the submission of false explanations in an attempt to aid a defense are admissible to prove a defendant's state of mind. See United States v. Hughes, 716 F.2d 234, 240-41 (4th Cir. 1983). We have reviewed the record and have considered the parties' arguments and find no reversible error in the district court's decision to admit the challenged statements into evidence.[3]

Stewart also summarily argues that the district court erred when it allowed a Government witness to testify at trial because she was medicated at the time of her testimony due to a head injury she sustained the day before. A witness is presumed to be competent unless it is shown that she does not have

---

[3] Even if it was error for the district court to allow the Government to present evidence of Stewart's attempts to secure a false alibi during its case-in-chief, given the remaining evidence establishing that Stewart committed the attempted robbery, we find any error to be harmless. See United States v. Grooms, 2 F.3d 85, 89 (4th Cir. 1993) (concluding that evidence of defendant's false alibi was inadmissible as irrelevant, but finding error harmless "[g]iven the one-sided nature of the evidence presented").

personal knowledge of the matter about which she testifies, does not have the ability to recall, or does not understand the oath. United States v. Lightly, 677 F.2d 1027, 1028 (4th Cir. 1982). "[A] district judge has great latitude in the procedure he may follow in determining the competency of a witness to testify." United States v. Odom, 736 F.2d 104, 111 (4th Cir. 1984).

In this case, the district court sua sponte conducted a thorough voir dire outside of the jury's presence to determine whether the Government's witness was competent to testify, despite her medicated state. Although the witness expressed a desire not to testify and, after inquiry by the district court, stated that the medication she was taking could "cause inconsistency," we have found nothing in her testimony to indicate that she did not have personal knowledge of the matters at hand, that she did not have the ability to recall the events, or that she did not understand the oath under which she was testifying. Given the absence of evidence in the record supporting Stewart's summary assertion to the contrary, and in light of the district court's instruction to the jury that the witness was medicated at the time of her testimony and that the medication could have an effect on her recollection and ability to understand what was taking place, we conclude that the district court did not clearly err in finding that witness was competent to testify. See Odom, 736 F.2d at 112-13 ("Whether

11

the witness has such competency is a matter for determination by the trial judge after such examination as he deems appropriate and his exercise of discretion in this regard is to be reversed only for clear error.").

Barbee asserts that his constitutional right to confront witnesses against him was violated because the district court allowed into evidence statements made by Stewart that incriminated Barbee. According to Barbee, it was reversible error for the district court to allow a Government witness to testify about statements Stewart made in recorded telephone conversations regarding Barbee's telephone because those statements linked Barbee to Stewart and counsel was unable to cross-examine Stewart regarding those statements. Barbee also asserts that it was reversible error for the district court to allow into evidence a recorded telephone conversation Stewart had with his mother, during which Stewart said the Government had "us on camera in the area." Because Barbee was allegedly "referenced directly and explicitly on the face of these statements[,]" Barbee summarily asserts that their introduction constituted constitutional error under Bruton v. United States, 391 U.S. 123 (1968).

In Bruton, the Supreme Court held that admission of a statement inculpating a co-defendant in a joint trial violates the co-defendant's rights under the Confrontation Clause if the

12

statement directly incriminates the co-defendant.  Id. at 126.

A Bruton problem exists "only to the extent that the codefendant's statement in question, on its face, implicates the defendant."  United States v. Locklear, 24 F.3d 641, 646 (4th Cir. 1994).  Thus, redaction of the co-defendant's incriminating statement, combined with a limiting instruction, may satisfy the Confrontation Clause.  See Richardson v. Marsh, 481 U.S. 200, 211 (1987).  This Court reviews de novo whether the admission of evidence violated Barbee's rights under the Confrontation Clause.  United States v. Lighty, 616 F.3d 321, 376 (4th Cir. 2010).

We have reviewed the record and find that:  (1) the Government witness's testimony before the jury was facially benign as it related to Barbee and, thus, did not implicate Bruton, see Marsh, 481 U.S. at 211 (holding that Confrontation Clause is not violated even when the confession "inferentially incriminates" defendant and other evidence admitted subsequently at trial clearly links the defendant to the statement in an inculpatory manner); (2) the use of the word "us" to refer to the existence of another person who may be a co-defendant did not render Stewart's conversation with his mother inadmissible, see United States v. Akinkoye, 185 F.3d 192, 198 (4th Cir. 1999) (holding that redacted statements that refer to the existence of another person who may be a co-defendant through the use of

13

symbols or neutral pronouns may be admissible); see also United States v. Min, 704 F.3d 314, 320-21 (4th Cir. 2013) (holding that co-defendant's statement that contained general references without "facial incrimination" to others who may (or may not) be co-defendants did not violate Bruton); and (3) the district court's instructions that the recorded telephone conversations should only be used against Stewart helped guard against any constitutional error, see United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir. 2012) ("[J]uries are presumed to follow their instructions.") (internal quotation marks and citations omitted). Accordingly, we find no violation of Barbee's rights under the Confrontation Clause.

Last, we discern no error in the district court's decision to deny Defendants' Fed. R. Crim. P. 29 motions. Because Defendants assert that the Government's evidence was insufficient to establish they were the individuals who attempted to rob the coin store, the jury's verdict will be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Whitfield, 695 F.3d 288, 310 (4th Cir. 2012) (internal quotation marks and citation omitted), cert. denied, 133 S. Ct. 1461 (2013). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond

14

a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

In resolving issues of substantial evidence, we may not reweigh the evidence or reassess the factfinder's determination of witness credibility, and we must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). Thus, a defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Bonner, 648 F.3d 209, 213 (4th Cir. 2011). We have reviewed the record de novo, see Cloud, 680 F.3d at 403, and have considered the parties' arguments and conclude that the Government produced sufficient evidence to support the jury's convictions.

Based on the foregoing, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED