**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6207**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID RICARDO STEWART,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00156-CCE-2)

Submitted:  December 16, 2020                Decided:  January 7, 2021

Before MOTZ and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

David Ricardo Stewart, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Ricardo Stewart seeks to appeal the district court's order denying relief on his authorized, successive 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

A jury convicted Stewart of one count each of attempted interference with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) ("attempted Hobbs Act robbery conviction"), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) ("firearms conviction"). Stewart was sentenced to 360 months in prison, consisting of 276 months for the attempted Hobbs Act robbery conviction, and a consecutive 84-month sentence for the firearms conviction. We affirmed the criminal judgment. *United States v. Barbee*, 524 F. App'x 15 (4th Cir. 2013) (No. 12-4260). The district court denied Stewart's first § 2255 motion on its merits.

In 2016, we granted Stewart authorization to file a successive § 2255 motion in light of *Johnson v. United States*, 576 U.S. 591, 597, 606 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague), and *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* announced a new substantive rule of constitutional law that is retroactively applicable to cases on collateral

2

review). Stewart argued that, after *Johnson*, his attempted Hobbs Act robbery conviction no longer qualified as a crime of violence and, therefore, his § 924(c) conviction must be vacated. While Stewart's motion was pending, the Supreme Court held that the residual clause in § 924(c)(3)(B) is also unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *accord United States v. Simms*, 914 F.3d 229, 236-37 (4th Cir.) (en banc) (concluding that § 924(c)(3)(B) is unconstitutionally vague and holding that conspiracy to commit Hobbs Act robbery is not a "crime of violence" sufficient to support a § 924(c) conviction), *cert. denied*, 140 S. Ct. 304 (2019). We later concluded, however, that substantive Hobbs Act robbery still qualifies as a crime of violence under the force clause in § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019). The district court denied Stewart's motion to vacate his § 924(c) conviction based on our decision in *Mathis*. The court declined to issue a certificate of appealability.

After the district court denied Stewart's successive § 2255 motion, we held that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *United States v. Taylor*, 979 F.3d 203, 207-10 (4th Cir. 2020). Accordingly, we grant Stewart a certificate of appealability, reverse the district court's denial of Stewart's motion to vacate his § 924(c) conviction, vacate the § 924(c) conviction, and remand for resentencing consistent with this opinion. *See id.* at 210. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3