## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50080

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 31, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KAREN FULLBRIGHT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Karen Fullbright appeals from her conviction for two counts of grand theft. Fullbright contends that the district court erred in allowing the victim to testify, claiming the victim was incompetent to do so. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Karen Fullbright was charged with two counts of felony grand theft, Idaho Code §§ 18-2403(1), -2407(1)(b), -2409. At the time of the alleged thefts, the victim, K.N., was living with Fullbright and was also her ex-husband. On September 6, 2020, K.N. suffered a stroke and was rushed to the hospital, where he was required to stay four days for treatment. During K.N.'s hospitalization, Fullbright was accused of using K.N.'s debit card to make personal purchases and cash withdrawals without his permission. Fullbright was subsequently questioned by law

1

enforcement where she acknowledged that she did not obtain K.N.'s permission to use his debit card, but maintained that if she would have asked for permission he would have given it to her. Before trial, Fullbright filed a sealed motion for competency hearing with respect to K.N. Fullbright argued that because K.N. had recently been diagnosed with Alzheimer's he was not competent to testify under Idaho Rule of Evidence 601(a). The district court held a competency hearing. The district court found K.N. competent to testify, and the jury found Fullbright guilty. Fullbright appeals.

## II.

## STANDARD OF REVIEW

Competency of a witness to testify concerning a particular matter is for the trial court to determine, and the decision of the trial court will not be set aside absent an abuse of discretion. *State v. Joblin*, 107 Idaho 351, 355, 689 P.2d 767, 771 (1984). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Fullbright contends that the district court erred in finding K.N. competent to testify. The State argues that the district court acted within its discretion in finding K.N. met the minimum competency requirements to testify. As relevant to this case, I.R.E. 601 provides:

Every person is competent to be a witness except:

(a) Incompetency Determined by the Court. Persons whom the court finds are incapable of receiving just impressions of the facts about which they are examined, or of relating them accurately.

The trend of the law, as currently embodied in I.R.E. 601, favors general competency. *State v. Iwakiri*, 106 Idaho 618, 622, 682 P.2d 571, 575 (1984). This rule creates a presumption that all witnesses are deemed competent to testify. *See United States v. Skorniak*, 59 F.3d 750, 755 (8th Cir. 1995); *United States v. Lightly*, 677 F.2d 1027, 1028 (4th Cir. 1982) (both applying Federal Rule of Evidence 601). In *State v. Vondenkamp*, 141 Idaho 878, 882, 119 P.3d 653, 657 (2005), the Idaho Supreme Court acknowledged this trend, the presumption in favor of competency, and

2

the principle that "capacity" concerns regarding a witness's testimony are generally questions better suited for the jury in terms of the weight and credibility to be afforded to the testimony.

Fullbright argued that K.N. was not competent to testify, citing his inability to recall certain events and facts, including his current diagnosis. During the competency hearing, the district court extensively examined K.N. and his ability to recall events and keep facts straight. K.N. acknowledged his difficulties but was able to accurately relay a variety of facts. The district court allowed the parties to also question K.N. In response to defense counsel's questions, K.N. admitted that he could remember some things better than others, his daughter makes his medical decisions, his memory issues began after the stroke, and he did not remember his preliminary hearing testimony. However, K.N. was able to recall living with and divorcing Fullbright and certain details regarding their relationship, as well as other facts and circumstances.

The district court found that K.N. was capable of receiving just impressions of fact at the time of the offenses. The district court acknowledged the gaps in K.N.'s testimony and that K.N.'s ability to accurately relate facts was a "mixed bag." After consideration of all of K.N.'s testimony, however, the district court determined that K.N. met the minimum competency requirements and that his credibility and the weight to be given to his testimony was a question for the jury. The district court also granted Fullbright's request to admit K.N.'s preliminary hearing testimony, which Fullbright read to the jury.

Having reviewed the record and the arguments, we cannot say that the district court abused its discretion in allowing K.N. to testify. As the parties and the district court acknowledged, K.N. had memory problems and difficulty with accurate recall. However, K.N. was able to accurately testify to a variety of facts. Fullbright was able to cross-examine K.N. as to inconsistencies and inaccuracies and to attempt to limit the weight of his testimony by reading the preliminary hearing testimony.

## IV.
## CONCLUSION

The district court did not abuse its discretion in ruling that K.N. was competent to testify. Although a number of K.N.'s responses at the competency hearing were inconsistent, the district

court correctly determined that those inconsistencies went to the weight and credibility of his testimony, not to its admissibility. Fullbright's judgment of conviction is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.